E-FILED
Friday, 10 July, 2026  10:49:46 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COURTNEY HICKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 25-3303 |
| | ) | |
| MCKENNA WENZEL, | ) | |
| WARDEN, FCI DANVILLE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Petitioner Courtney Hicks' Petition for Writ of Habeas Corpus (d/e 1) and Supplement to the Petition (d/e 4) and Respondent Danville Correctional Center Warden McKenna Wenzel's Motion to Dismiss Habeas Corpus Petition (d/e 7) and Supplement to Motion to Dismiss Habeas Corpus Petition (d/e 9). Because Petitioner has not exhausted his available state court remedies, Respondent's Motion to Dismiss Habeas Corpus Petition (d/e 7) is GRANTED and Petitioner's Petition (d/e 1) is DENIED without prejudice.

## I.   JURISDICTION

The Court notes that, while Petitioner titled his Petition (d/e 1) as filed pursuant to 28 U.S.C. § 2241, his exclusive remedy is 28 U.S.C. § 2254 because he is a state prisoner. See Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (noting that, "roughly speaking . . . § 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody"). Therefore, the Clerk's office docketed the Petition (d/e 1) as a § 2254 Petition for Writ of Habeas Corpus and the Court addresses the Petition (d/e 1) under that statutory framework.

A habeas petition filed pursuant to 28 U.S.C. § 2254 arises under federal law. Therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## II.   BACKGROUND

Unless otherwise noted, the following facts are taken from Petitioner's and Respondent's briefs. See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not

Page **2** of **11**

traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

On July 30, 2024, Petitioner was sentenced in the Circuit Court of Wabash County, Illinois to 30 months' imprisonment on each of one count of unlawfully possessing a firearm as a felon and one count of possessing less than five grams of methamphetamine. See Wabash County Circuit Court case nos. 2024CF16 and 2024CF27; see also Opoka v. Immigration and Naturalization Service, 94 F.3d 392, 394-95 (7th Cir. 1995) (collecting cases for the "well-settled principle that the decision of another court or agency...is a proper subject of judicial notice"); see also d/e 7, p. 1 (citing https://idoc.illinois.gov/offender/inmatesearch.html).

On September 17, 2025, Petitioner was issued a disciplinary report while incarcerated at Graham Correctional Center. See d/e 4, p. 6. On September 23, 2025, Petitioner pled guilty at a hearing before the prison's adjustment committee to committing three disciplinary offenses related to bringing drugs into the prison. Id. at pp. 9-10. Petitioner did not make a statement or request that any witnesses be presented at the hearing. Id. at 9, see also d/e 7-1, p. 1. Petitioner was sanctioned with three months' "C grade"

designation, three months' segregation, the revocation of six months of good conduct credit, a disciplinary transfer, six months' commissary restriction, and six months' contact visits restriction. See d/e 7-1, p. 2.

On September 27, 2025, Petitioner signed grievance forms alleging that the adjustment committee denied him due process on September 23, 2025 by "writing [him] a ticket and adjudicating [him] guilty without...the mandatory review of a hearing investigator" in violation of 20 Ill. Admin. Code § 504.60, an administrative rule requiring that a hearing investigator review all major disciplinary reports. d/e 4, pp. 7-8; see also 20 Ill. Admin. Code § 504.60(a) ("The Chief Administrative Officer shall appoint one or more Hearing Investigators who shall review all major disciplinary reports.").

On October 3, 2025, Petitioner filed his Petition for Writ of Habeas Corpus (d/e 1), followed by a Supplement to the Petition (d/e 4) on October 22, 2025. Petitioner alleges that the adjustment committee violated his constitutional due process rights by "adjudicating him guilty without the mandatory review of a hearing investigator" under 20 Ill. Admin. Code § 504.60 and violated his

Page **4** of **11**

Sixth Amendment right to confront his accusers "by not compelling the identity of his accusers." d/e 4, pp. 1-3. Petitioner seeks to have his "disciplinary sanctions and segregation" vacated, "the aforementioned matters" "expunge[d] [from] his incident report," and "all good time credits in relation to [the] aforementioned incident" restored. Id. at p. 3.

Per Respondent, "[a]ny disciplinary report in which a revocation of time is recommended is automatically sent to the [Illinois Department of Corrections ("IDOC")] director and [IDOC Administrative Review Board] to be reviewed." d/e 9, p. 2.

On October 30, 2025, Director Latoya Hughes signed off on the adjustment committee's recommendation on Petitioner's sanctions. See d/e 9, p. 2; see also d/e 9-1, p. 1; see also 20 Ill. Admin. Code § 504.830(a)(4) ("Grievances shall be reviewed and a written response provided to the offender. Grievances on issues that are deemed without merit may be returned as denied to the sender without further investigation. No merit grievances include grievances that…[a]re decisions previously rendered by the Director.").

On October 31, 2025, the IDOC Administrative Review Board received Petitioner's September 27, 2025 grievance. See d/e 9-2, p. 2. On November 20, 2025, the Board issued a "Return of Grievance or Correspondence" stating that Petitioner's grievance was being returned because "this office previously addressed disciplinary report [from Petitioner] through the revocation process and is a Director's decision per [20 Ill. Admin. Code Section] 504.830." d/e 9-2, p. 2.

On December 5, 2025, Respondent filed a Motion to Dismiss Habeas Corpus Petition (d/e 7) followed by a Supplement to Motion to Dismiss Habeas Corpus Petition (d/e 9) on December 12, 2025. Petitioner did not file a Reply.

### III.   LEGAL STANDARD

To succeed on a petition for a writ of habeas corpus, a petitioner must show "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal

proceedings within our system of federalism." <u>Martinez v. Ryan</u>, 566 U.S. 1, 9 (2012). One of these rules is that a state prisoner must exhaust his available state court remedies before challenging his custody in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); <u>see also</u> <u>McAtee v. Cowan</u>, 250 F.3d 506, 508 (7th Cir. 2001) ("State prisoners challenging the deprivation of good-time credits by way of a habeas corpus petition must exhaust adequate and available state remedies before proceeding to federal court.").

The same statutory provision that mandates the exhaustion requirement also establishes two exceptions: "(1) if there is no state corrective process available, or (2) if circumstances exist which render such process ineffective to protect the prisoner's rights." <u>Sceifers v. Trigg</u>, 46 F.3d 701, 703 (7th Cir. 1995); <u>see</u> <u>also</u> 28 U.S.C. § 2254(b)(1)(B).

In Illinois, a state corrective process exists. A petition for writ of mandamus pursuant to 735 ILCS 5/14-101, <u>et</u> <u>seq.</u>, is "the established means for an Illinois inmate to challenge in court a disciplinary decision and is also a prerequisite for Illinois prisoners challenging disciplinary actions in federal court by bringing a § 2254 petition in federal court." <u>Donelson v. Pfister</u>, 811 F.3d 911,

915 (7th Cir. 2016). "To fairly present his federal claim, a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014). The complete round of state court review means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. Id.

Since there is a corrective process available to Petitioner, the only issue is whether "circumstances exist which render such process ineffective to protect [Petitioner's] rights." Sceifers, 46 F.3d at 703. "[S]tate-law remed[ies] can become ineffective or unavailable by virtue of delay if the delay is both inordinate and attributable to the state." Evans v. Wills, 66 F.4th 681, 682 (7th Cir. 2023) (citations omitted). "The law does not demand perfection from the State, just steady movement that shows its judicial processes are effectively 'protect[ing] the rights of the applicant.'" Id. (citing § 2254(b)(1)(B)(ii)).

## IV.  ANALYSIS

Respondent admits that Petitioner "has exhausted his state administrative remedies," but argues that Petitioner must still "exhaust his state-court remedies by filing a complaint for an order of mandamus raising his habeas claims in an Illinois circuit court and pursuing one complete round of the normal appellate review process." d/e 9, p. 2.

Respondent states that, based on docket and legal database searches, Petitioner has not filed a mandamus complaint in the circuit courts of the counties in which he was convicted (Wabash), was incarcerated when he filed the grievance (Montgomery), or is currently incarcerated (Vermilion), nor does Petitioner appear as a party on any Illinois appellate or supreme court decisions. See d/e 7, p. 4; see also d/e 9, p. 3.

Petitioner does not dispute these assertions, nor does he allege that he filed or attached to his Petition or Supplement any purported state court filings. See generally d/e 1, d/e 4. Since Petitioner has not filed or indicated that he tried to file a writ of mandamus—the corrective process available to him in Illinois—Petitioner does not and cannot claim that "circumstances exist

which render such process ineffective to protect [Petitioner's] rights." Sceifers, 46 F.3d at 703. Therefore, the Court finds that Petitioner has not exhausted his available state court remedies because he does not allege that he asserted the claims in his Petition (d/e 1) throughout one complete round of state court review as required to present a federal claim. See Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014).

## V.    CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2254 proceeding unless a circuit justice or judge issues a certificate of appealability).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural

Page **10** of **11**

ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see</u> <u>also</u> <u>Flores-Ramirez v. Foster</u>, 811 F.3d 861, 865 (7th Cir. 2016).

The Court concludes that jurists of reason would not find the Court's procedural ruling debatable. Therefore, the Court declines to issue a certificate of appealability in this case.

## VI.    CONCLUSION

Because Petitioner has not exhausted his available state court remedies, Respondent's Motion to Dismiss Habeas Corpus Petition (d/e 7) is GRANTED and Petitioner's Petition for Writ of Habeas Corpus (d/e 1) is DENIED without prejudice.

**IT IS SO ORDERED.**

**ENTERED: July 10, 2026**

**FOR THE COURT:**

*/s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**